UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SARAH MAGDALENO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**MORGAN FIDELITY ASSOCIATES, INC.**, a Florida registered corporation,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Sarah Magdaleno ("Plaintiff Magdaleno" or "Magdaleno") brings this Class Action Complaint and Demand for Jury Trial against Defendant Morgan Fidelity Associates, Inc. ("Defendant" or "Morgan Fidelity") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Magdaleno, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1.  Plaintiff Magdaleno is a resident of Evans, Colorado.

1

2. Defendant Morgan Fidelity is a corporation registered in Fort Lauderdale, Florida. Defendant Morgan Fidelity conducts business throughout this District and throughout the US, including Colorado.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in April 2023 alone, at a rate of 151.6 million per day. www.robocallindex.com (last visited May 14, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

13. Defendant Morgan Fidelity operates using the d/b/a US Medicare Brokers:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf



Copyright © US Medicare Brokers All rights reserved. This is a solicitation of insurance. An agent/producer may contact you. US Medicare Brokers is a DBA of Morgan Fidelity Associates, Inc. US Medicare Brokers is not connected with or endorsed by the United States government or the federal Medicare program.

Website hand-crafted by Imperium Marketing Solutions

3

14. Defendant Morgan Fidelity is a Medicare plan broker, selling Medicare plans to consumers throughout the U.S and through its agents.[4]

15. Defendant Morgan Fidelity on its own and through its agents places solicitation calls to consumers using the name US Medicare Brokers to solicit Medicare plan purchases, as per Plaintiff's experience. Oftentimes, these calls and text messages are being placed to consumers without consent, including to consumers like the Plaintiff that registered their phone numbers on the DNC.

16. To make matters worse, Defendant Morgan Fidelity by itself or through their agents lacks a sufficient internal do not call system, causing consumers like the Plaintiff in this case to receive unsolicited telemarketing calls despite having requesting for the calls to stop.

17. Defendant Morgan Fidelity boasts that "we provide [our agents] via our 'business-in-a-box' approach which includes: technology, telephony, leads, CRM, and more."[5]

18. Defendant Morgan Fidelity boasts "We provide solutions to the ultimate challenge: LEADSA. We have built a 'business-in-a-box' that takes a broker form contracted, to prospecting,

---

[3] https://getmedicareabc.com/about-us/
[4] https://www.morganfidelity.com/
[5] https://www.morganfidelity.com/

4

to closing business, to getting paid with our proprietary process that include: Dialing System with INCLUDED LEADS…"[6]

19. There are many complaints posted online about unsolicited calls that consumers have received from Defendant Morgan Fidelity, including complaints from consumers who asked for the calls to stop but who still received additional calls. The following list of complaints were all addressed to Defendant either through Google or through its Better Business Bureau website, including:

- "***Calls relentlessly even after being told to stop*** I've reported company to the FTC . Suggest others do the same. Will consider legal action if it continues"[7] (emphasis added)
- "You can't trust them when all they do is desperately call and harass you. Give it up!"[8]
- "Stop calling my number i dont need your insurance i dont live in florida"[9]
- "Don't need your services. STOP CALLING!!!"[10]
- "they be bustin up my phone"[11]
- "They keep calling my wife and need to STOP. We don't live in Fl."[12]
- "Please stop calling everyday. I do not want any service."[13]
- "I have been getting calls from them (or at least a scammer using their caller ID) multiple times a day for over 2 months. ***They will not remove me from the list and they use multiple numbers, so I can't just block them.*** I have never reached out or given them any information whatsoever, so I don't know how they got my phone number. I have seen other complaints saying the same thing, but the company insists their records don't show excessive calls. If someone from the company sees this, please look into a scammer using your caller ID. This is not a good look for a

---

[6] https://www.morganfidelity.com/careers
[7] https://www.google.com/search?q=morgan+fidelity+associates
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

company that seems to be well established and liked (judging from other reviews)"[14] (emphasis added)

- "They keep on calling day and night about my ******** *I ask them to stop but still call my cell ***********"*[15] (emphasis added)

20. Defendant Morgan Fidelity has a long history of unsolicited telemarketing complaints going back as far as 2017. For example:


[16]


[17]

21. In response to these calls, the Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF MAGDALENO'S ALLEGATIONS

22. Plaintiff Magdaleno registered her cell phone number ending in 2534 on the DNC on January 4, 2023.

23. Plaintiff Magdaleno uses her cell phone number for personal use only as one would use a landline telephone number in a home.

---

[14] *Id.*
[15] https://www.bbb.org/us/fl/fort-lauderdale/profile/insurance-agency/morgan-fidelity-associates-inc-0633-90306501/complaints
[16] https://www.facebook.com/MorganFidelityAssociates/reviews
[17] *Id.*

24. Many of the calls that Plaintiff Magdaleno received from Defendant Morgan Fidelity were received more than 31 days after Plaintiff registered her cell phone number on the DNC.

25. Plaintiff Magdaleno has been receiving unsolicited calls from Defendant Morgan Fidelity for approximately 3 years.

26. In fact, the situation was so bad, she renewed her registry on the DNC in January of 2023 hoping that it would stop the unsolicited calls she has received from Morgan Fidelity.

27. Defendant Morgan Fidelity is calling Plaintiff Magdaleno's cell phone number trying to reach somebody by the name of June Chavez to solicit the sale of a Medicare plan.

28. Plaintiff Magdaleno has told Morgan Fidelity's employees that they are calling the wrong number. She has specifically told the employees to stop calling and has said, "Put my number on your do not call list."

29. When Defendant Morgan Fidelity calls Plaintiff's cell phone, it is always using a different phone number and the employees oftentimes identify the company name as US Medicare Brokers.

30. For example, On May 8, 2023, Plaintiff Magdaleno received an unsolicited call from Defendant Morgan Fidelity, from the phone number 720-615-1622. Plaintiff answered this call and was told the company name was US Medicare Brokers. The employee was looking to speak to June Chavez regarding a Medicare insurance plan quote. Plaintiff Magdaleno asked the employee for a callback number and was told the number is 888-408-6913. She was also told that the email address is contact@morganfidelity.com.

31. The contact information that Plaintiff was given matches the contact information displayed on the US Medicare Brokers website:



32.     Plaintiff Magdaleno received yet another unsolicited call from Defendant Morgan Fidelity on May 11, 2023 at 9:25 AM from 970-509-3577. Plaintiff answered the call and was told the call was for June Chavez, to sell a Medicare insurance plan. Plaintiff once again told the employee that she was calling the wrong phone number.

---

[18] https://getmedicareabc.com/contact-us/



33.     Plaintiff Magdaleno did not reach out to Morgan Fidelity for any reason. The calls that she has received are intended for June Chavez to solicit a Medicare insurance plan.

34.     The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant Morgan Fidelity have harmed Plaintiff Magdaleno in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

35.     The unsolicited calls from Defendant Morgan Fidelity have caused Plaintiff Magdaleno significant mental distress, as she cannot block the calls because Defendant always calls using a different phone number, and her stop requests have been disregarded.

36.     Seeking redress for these injuries, Plaintiff Magdaleno, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

37.     Plaintiff Magdaleno brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Morgan Fidelity called more than one time, (2) within any 12-month period, (3) where the person's

9

residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Morgan Fidelity called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that they stop calling.

38.  The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Magdaleno anticipates the need to amend the Class definition following appropriate discovery.

39.  **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

40.  **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)  Whether Defendant's conduct violated the TCPA;

10

(b) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff Magdaleno will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Magdaleno has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Magdaleno and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Magdaleno nor her counsel have any interest adverse to the Classes.

42. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Magdaleno. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Magdaleno and the Do Not Registry Class)**

43. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Magdaleno and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Magdaleno and the Do

Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

48. As a result of Defendant's conduct as alleged herein, Plaintiff Magdaleno and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

49. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Magdaleno and the Internal Do Not Call Class)

50. Plaintiff repeats and realleges paragraphs 1-42 of this Complaint and incorporates them by reference herein.

51. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the

request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

52. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

53. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

14

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

54.   Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Magdaleno requests a jury trial.

**SARAH MAGDALENO**, individually and on behalf of all others similarly situated,

DATED this 18th day of May, 2023.

By: /s/ Stefan Coleman

Stefan Coleman
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, Florida 33130
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*